IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIGITAL ENCODING FACTORY, LLC, )<br>MEDIA HOLDINGS, LLC, and )<br>ELECTRONIC DOCUMENT )<br>ASSOCIATES OF INDIANA, INC. )<br>         Plaintiffs, )<br>)<br>   v. )<br>)<br>IRON MOUNTAIN INFORMATION )<br>MANAGEMENT, INC., )<br>)<br>         Defendant. ) | Civil Action No. 06-1449<br>Judge David S. Cercone<br>Magistrate Judge Lisa Pupo Lenihan |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Defendant's Motion to Dismiss be denied for reasons concisely and ably briefed by Plaintiffs. It is further recommended, however, that Defendant's request to strike the plea for attorney's fees should be granted.

## II. REPORT

### A. Statement of Facts

This case alleges breach of joint venture/breach of contract, breach of fiduciary duty, promissory estoppel, and negligent misrepresentation. Plaintiffs allege, in essence, that Defendant, Iron Mountain Information Management, Inc. ("Iron Mountain") breached agreements relating to Plaintiffs' exclusive provision of document digitization services to Iron Mountain customers. More particularly, they allege that Digital Encoding Factory, LLC ("DEF") entered into a lease agreement (the "Lease") for space in Iron Mountain's underground document storage facility in Boyer, Pennsylvania, as part of a joint venture, with Iron Mountain, to expand Iron Mountain's customer services to include digitization (*i.e.*, electronic conversion of documents and, subsequently, additional media) under criteria dictated by Iron Mountain and pursuant to Iron Mountain's representations of significant pre-existing customer need and promises of future marketing.

They allege with specificity both (a) the representations made by Iron Mountain as to, *e.g.*, its provision of storage-customers' business; and (b) the understandings reached and agreements made and undertaken by the parties; including Plaintiffs' acquisition of additional business entities, multi-million dollar investments, and acquisition of additional resources and conversion abilities/technology at Iron Mountain's behest. They reference documentation which could be read as supportive of the broader inter-party relationships alleged. See First Amended Complaint at ¶¶ 50-51.

And they detail, again with specificity, the breaches of agreement and other misconduct asserted against Iron Mountain, including, *e.g.*, (a) Defendant's failure to deliver the conversion business repeatedly promised, while Plaintiffs met Iron Mountain's ever-increasing demands for particular service capabilities; and (b) Defendant's ultimate establishment of its own competing digitization business inside the facility.

B.  **Motions to Dismiss**

The Court considering a motion to dismiss "must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).  The Complaint must set forth sufficient facts to state a claim to relief that is plausible on its face.  See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (May 21, 2007) (abrogating Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

C.  **Analysis**

This Report concurs with Plaintiffs' assessment of the Motion to Dismiss as importantly "disregard[ing] the content of the Complaint it seeks to dismiss".  Plaintiffs' Opposition at 2.

Defendant's grounds for dismissal are that (1) neither EDA nor Media Holdings have standing to assert any claim against Iron Mountain because neither was party to the alleged joint venture; (2) DEF's claims are barred by Pennsylvania's parol evidence rule; and (3) Iron Mountain's alleged misrepresentations related only to promises of future performance rather than existing fact.

As to the first, Plaintiffs allege that EDA, a Pennsylvania business corporation, was purchased by DEF, a Pennsylvania limited liability company, to meet Iron Mountain's

3

digitization service demands/criteria.  Plaintiffs allege that EDA's capabilities were showcased/presented to Iron Mountain sales staff and that it was a direct participant in the joint venture at issue.  Media Holdings is DEF's parent company and is alleged to have made significant financial investments on the strength of Iron Mountain's alleged communications with Media Holdings, representations and undertakings.  See Plaintiffs' Opposition at 11-14 and Complaint citations therein.  And individual investors in the Plaintiff entities were allegedly hosted by Iron Mountain and received "investor presentations" to encourage the additional capital contributions necessary to the digitization-service joint venture.  These Plaintiffs have therefore alleged conduct and injury sufficient to maintain their claims at this stage of the proceedings.  See id.

As to the second, Iron Mountain asserts that because the Lease's integration clause provides that it is the "entire agreement and understanding between the parties", any attempt to prove an oral joint venture is prohibited.  Defendant's  Brief in Support at 2, 5.  Defendant errs in its assertion that the existence of a written lease agreement as to DEF's rental of underground storage space from Iron Mountain forecloses , by virtue of the parol evidence rule, Plaintiffs' causes of action.  To the contrary, as Plaintiffs thoroughly brief, the causes of action alleged are largely premised on the existence of a joint venture for the provision of digitization services, which included a digitization-service agreement.  As Plaintiffs observe, the parol evidence rule does not bar claims (a) asserted by non-parties to the Lease; (b) based on a separate, distinct agreement not included within the Lease parameters; and/or (c) arising from and supported by communications occurring *subsequent* to the Lease.  See Plaintiffs' Opposition at 13-20 and case

citations therein); id. at 18-20 (observing that the claims are based substantially on post-lease conduct).

The question of "why the parties executed a written . . . lease while neglecting to draft a single document to memorialize what the Plaintiffs contend was a multimillion dollar joint venture" is clearly significant.  Defendant's Brief in Support at 1.  It does not, however, entitle Defendant to dismissal for failure to state a claim under the circumstances alleged.

As to the third, Plaintiffs specifically allege that Defendant made express representations regarding its commitment to provide millions of dollars in existing business and specific quantities of material then-available for digitization.  See, e.g., First Amended Complaint at ¶ 38 (discussing Iron Mountain's representations to Plaintiffs' investors regarding volume of existing materials to be converted to digital format under exclusive relationship); Plaintiffs' Opposition at 20-21 (asserting that Iron Mountain falsely represented the volume of digitization business it actually possessed, which information was exclusively in Defendant's possession, and on which Plaintiffs relied).

Finally, Defendant asserts that Plaintiff's plea for attorney's fees should be stricken from the Complaint because they have no foundation in Pennsylvania law.  Plaintiffs do not contest this portion of Defendant's Motion and have, as Defendant duly notes, made no allegation of a fee-shifting statute or contractual provision.

### III. CONCLUSION

For the reasons set forth above, is respectfully recommended that the Defendant's Motion to Dismiss be denied, but that its Motion to Strike Plaintiffs' request for attorneys' fees be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this Report and Recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

LISA PUPO LENIHAN
United States Magistrate Judge

Dated: July 5, 2007

cc: All Counsel of Record