IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIGITAL ENCODING FACTORY, et al, | ) |
| | ) Civil Action No. 06 - 1449 |
| Plaintiffs, | ) |
| | ) District Judge David S. Cercone / |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| IRON MOUNTAIN INFORMATION | ) Doc. No. 60, 62 |
| MANAGEMENT, INC., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendant's Motion for Leave to File an Amended Answer to assert the Pennsylvania common law defense of champerty, as well as a Motion to Join Summit Film Lab & Media Services ("Summit") as a Party Needed for Just Adjudication. Both motions have been briefed by all parties and oral argument was held on June 3, 2008. For the reasons set forth below, both motions will be denied.

I will first address the issue of joining Summit. Defendant asserts that Summit is a necessary party pursuant to Rule 19(b) of the Federal Rules of Civil Procedure, and must be joined as a plaintiff in this case. The primary reason asserted for this joinder is that if Summit is not a party it may pursue a similar action against Defendant in the future as it may assert the same claims that have been asserted by the existing Plaintiffs. In Plaintiffs' Response and at oral argument they assert that Summit was not a party to the joint venture with the Defendant, Summit is a wholly owned subsidiary of Plaintiff Media Holdings, LLC, and furthermore, counsel advised both orally and in his brief that Summit will stipulate that any judgment in this case would be binding upon it to the same extent that it would be binding upon the current

Plaintiffs. The Court finds that this is sufficient to protect Defendant from future litigation and that Summit is not a party that is necessary for the just adjudication of this matter as required by the rules. Joinder of them would do nothing other than prolong[1] and complicate an already confusing and complicated case.

Defendant's second request is to amend its Answer to assert the Pennsylvania common law defense of champerty. Champerty is defined by Black's law dictionary as "A bargain between a stranger and a party to a lawsuit by which the stranger pursues the party's claim in consideration of receiving part of any judgment proceeds." *Clark v. Cambria County Board of Assessment and Appeals*, 747 A.2d 1242, 1245 fn.3 (Pa. Commw. Ct. 2000), citing Black's Law Dictionary (6th Ed. 1990). In order for there to be champerty three elements must be present. "First, the party involved must be one who has no legitimate interest in the suit. Second, the party must expend his own money in prosecuting the suit. Third, the party must be entitled by the bargain to a share in the proceeds of the suit." *Id.* At 1245, citing *Belfonte v. Miller*, 212 Pa. Super. 508, 243 A.2d 150, 152 (1968).

The evidence presented at oral argument in support of the motion was a letter written by Ira H. Gordon dated November 27, 2006, stating that he and two other persons would be sending a check to the law firm that was handling this lawsuit for Plaintiffs. In response to this counsel for Plaintiff asserted, on the record at the oral argument, that Mr. Gordon and the two other persons named in the letter were investors in Plaintiff companies and that he would gladly make them available for deposition to confirm this. He confirmed that they were general investors in the companies, were not investing solely in the litigation, but were funding the litigation as part

---

[1] The complaint in this matter was filed on 10/31/06, having been removed from the Court of Common Pleas of butler County.

of their investment interest. This evidence does not support that these gentlemen are strangers to the Plaintiff and speculating in this lawsuit, as is required by Pennsylvania common law. The Court does not find any support for the assertion of a champerty defense and, similar to the request to add another plaintiff to this action, believes that allowing Defendant to pursue this course will only prolong and complicate this litigation. If these gentlemen are indeed investors, and the Court has no reason to believe otherwise, then they certainly have a legitimate interest in this lawsuit. Should Defendants find, during the course of discovery, that the information provided by counsel for Plaintiffs at oral argument is not correct and that Mr. Gordon and others have no interest in the Plaintiff companies and are indeed speculating in the lawsuit then the motion may be renewed. Therefore,

**IT IS ORDERED** that Summit is to provide a stipulation that any judgment in this case would be binding upon it to the same extent that it would be binding upon the current Plaintiffs;

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File an Amended Answer is **DENIED**;

**IT IS FURTHER ORDERED** that Defendants Motion to Join Summit Film Lab & Media Services ("Summit") as a Party Needed for Just Adjudication is **DENIED**.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.1.3(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of issuance of this Order to file a notice of appeal, which includes the basis for objection to this Order. Any party opposing the appeal shall have ten (10) days from the date of service of the notice of appeal to respond thereto. Failure to file a timely notice of appeal may constitute a waiver of any appellate rights.

By the Court:

Lisa Pupo Lenihan
United States Magistrate Judge

cc: All counsel of record