IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIGITAL ENCODING FACTORY, LLC, MEDIA HOLDINGS, LLC, and ELECTRONIC DOCUMENT ASSOCIATES OF INDIANA, INC. Plaintiffs, | ) ) ) ) ) ) | |
| v. | ) ) | Civil Action No. 06-1449 Judge David S. Cercone |
| IRON MOUNTAIN INFORMATION MANAGEMENT, INC., Defendant. | ) ) ) ) | Magistrate Judge Lisa Pupo Lenihan |

**MEMORANDUM ORDER**

As Plaintiffs are entitled to amend their Complaint to correctly identify the third entity Plaintiff as EDA Acquisition, LLC, Plaintiffs' Motion to Amend will be granted.

**I. Factual Background**

As more fully set forth in this Court's previous Report and Recommendation, this case alleges breach of joint venture/breach of contract, breach of fiduciary duty, promissory estoppel, and negligent misrepresentation. Plaintiffs allege, in essence, that Defendant, Iron Mountain Information Management, Inc. ("Iron Mountain") breached agreements relating to Plaintiffs'

exclusive provision of document digitization services to Iron Mountain customers.  More particularly, they allege that Digital Encoding Factory, LLC ("DEF") entered into a lease agreement (the "Lease") for space in Iron Mountain's underground document storage facility in Boyer, Pennsylvania, as part of a joint venture, with Iron Mountain, to expand Iron Mountain's customer services to include digitization (*i.e.*, electronic conversion of documents and, subsequently, additional media) under criteria dictated by Iron Mountain and pursuant to Iron Mountain's representations of significant pre-existing customer need and promises of future marketing.

By Motion of June 27, 2008, Plaintiffs DEF and its parent company, Media Holdings, LLC. ("Media Holdings"), averred that their prior counsel, in identifying the three named Plaintiffs, incorrectly identified Electronic Document Associates of Indiana, Inc. ("EDA Indiana") as a Plaintiff in this action.  They averred that the correct party is EDA Acquisition, LLC ("EDA Acquisition"), which was formed, and acquired assets/interests of EDA Indiana, in 2002.  Plaintiffs further aver that when current counsel ("ESCM") assumed responsibility for this case and became aware of the error earlier this year, ESCM communicated with Defendant's counsel and sought consent to an amendment.  When that failed, Plaintiffs sought leave to amend the Complaint to correct the third Plaintiff entity name from EDA Indiana to EDA Acquisition.  Plaintiffs sought no amendment of their claims or of the factual underpinnings to those claims.

Defendant briefed its objections to the proposed amendment, and oral argument was held on July 31, 2008.  Defendant's principle objections relate to its asserted (a) prejudice as a result

of delay and (b) potential entitlement to a statute of limitations bar against EDA Acquisition. The Court notes that the case remains in discovery, no depositions have been taken, and the parties agree that no additional discovery would be necessitated by the proposed entity name-change.[1]

**II. Motions to Amend**

Rule 15, governing Amended and Supplemental Pleadings, requires that the Court "freely give leave [to amend] when justice so requires" and decisions under this liberal standard are placed within the District Court's discretion. See, *e.g.*, Cureton v. Nat'l Collegiate Athletics Ass'n, 252 F.3d 267, 272 (3d Cir. 2001). Exceptions to liberal leave to amend include undue delay, bad faith, dilatory motive, prejudice or futility. See, *e.g.*, In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

**III. Analysis**

In light of the limited nature of the requested amendment and the procedural posture of this case (*i.e.*, on-going discovery that is not meaningfully affected by the revision), the Court finds no prejudice to Defendant from Plaintiffs' delayed clarification of the correct EDA entity. Defendant was made aware of the nature of Plaintiffs' claims and the factual underpinnings thereof in prior pleadings and that scope remains unaltered. Cf. Conley v. Gibson, 355 U.S. 41,

---

1. Plaintiffs advised the Court that documents previously produced in discovery have been provided on behalf of the correct entities.

47 (1957) (noting that under Rule 8(a), the complaint need only provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests"). Accordingly, the Court concludes that leave to amend is appropriate under Rule 15. See USX Corp. v. Barnhart, 395 F.3d 161, 176 (noting the "general presumption in favor of allowing" amendment, and identifying the touchstone as "substantial or undue prejudice"); Coventry v. U.S. Steel Corp., 856 F.2d 514, 520 (3d Cir. 1988) (noting that, in assessing amendment, trial court balances any prejudice caused by delay against reasons given for delay).[2]

The Court does not find Defendant's assertions that leave to amend should be denied under Rule 16 and/or Rule 17 persuasive. Rule 16 provides that amendment may be made after the scheduled deadline "only for good cause and with the judge's consent." These circumstances meet good cause (*e.g.*, Plaintiffs have not acted unreasonably, and their prior mis-identification of the EDA Plaintiff has not caused any undue or unfair (if indeed any) delay in the identification of claims/issues or in the progress of discovery). Similarly, Rule 17 provides that an action may not be dismissed for failure to prosecute in the name of the real party in interest until, after objection, that party has been allowed a reasonable time to ratify, join, or be substituted into the action, noting that it is intended to prevent forfeiture when, *e.g.*, an understandable mistake has been made. This Court's exercise of its discretion in permitting

---

2. As to other possible grounds for denying leave to amend, the Court notes that Defendant acknowledged at oral argument the absence of any basis to attribute delay to suspicious motives or bad faith. Although Defendant suggested that the delay was "undue", the Court finds Plaintiff's explanation/account of the timing/sequence of events (*i.e.*, mis-identification by prior counsel, communications with counsel regarding consent to amendment) sufficient. Cf. Adams v. Gould, 739 F.2d 858, 868 (3d Cir. 1984) (discussing undue delay which - beyond mere passage of time - imposes unwarranted burden on court or unfair burden on opposing party). Finally, amendment is clearly not futile.

amendment to correct the EDA entity-name is, to the extent the Rule may be read as applicable, entirely consistent with the nature and purpose of Rule 17.

For reasons well-briefed in Plaintiff's Reply in Support of Motion to Amend, and discussed by this Court during oral argument, the Court finds several cases cited by Defendant in support of its objections critically distinguishable. See, *e.g.*, Sohngen v. Home Depot USA, Inc., 2007 WL 4754528 (W.D. Pa. Oct. 19, 2007) (denial of leave to add new legal theories - requiring additional fact and expert discovery - after completion of discovery, pretrial statements and motions in limine); Componentone, LLC v. Componentart, Inc., 2007 WL 2580635 (W.D. Pa. Aug. 16, 2007) (denial of leave to add new claim 10 months post deadline).

Finally, the Court observes, as it did during oral argument, that this amendment "relates back" to the date of the original pleading, *i.e.*, the claims continue to arise from the same conduct, transaction(s) and occurrence(s). See Rule 15(c).

## IV. Order

For the reasons set forth, the Court concludes that justice (as well as interests of judicial economy) requires that Plaintiffs be permitted to amend the Complaint to identify EDA Acquisition, rather than EDA Indiana, as a proper party in interest. Accordingly:

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend is **GRANTED**.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.1.3(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of issuance of this Order to file a notice of appeal, which includes the basis for objection to this Order. Any party opposing the appeal shall have ten (10) days from the date of service of the notice of appeal to respond thereto. Failure to file a timely notice of appeal may constitute a waiver of any appellate rights.

_____
LISA PUPO LENIHAN
United States Magistrate Judge

Dated: August 13, 2008