IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIGITAL ENCODING FACTORY, et al, | ) |
| | ) Civil Action No. 06 - 1449 |
| Plaintiffs, | ) |
| | ) |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| IRON MOUNTAIN INFORMATION MANAGEMENT, INC., | ) Doc. No. 125 |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER ON PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF WITHHELD DISCOVERY AND FOR SANCTIONS

Pending before the Court is a motion filed by Plaintiffs to obtain necessary discovery regarding lost profit or expectation damages that Plaintiffs will argue they are entitled to by virtue of the alleged lost business opportunity. This topic is not new to the Court, as it has been a subject of dispute on prior occasions. As Plaintiffs point out in their motion, at an October 9, 2008 status conference, Defendant was attempting to limit the breadth of the Plaintiffs' discovery. In response, the Court agreed to limit Plaintiff's damage discovery to digitization at the Boyers facility and any other special projects Plaintiffs were involved in.

The item being discussed at the conference was an upcoming 30(b)(6) deposition of Defendants corporate representative. Defendant identified Mark Battaglia as its designee of the numbered items in the 30(b)(6) deposition notice. Mr. Battaglia's deposition took place on November 7, 2008. At that deposition, he indicated that he was unable to offer responses to questions posed without being shown the relevant documents. According to Plaintiffs, there have been 110,178 documents produced in this case. At the deposition the deponent was asked

whether he spoke with anyone from Iron Mountain to obtain information regarding the topics set forth in the deposition notice. His response was that he had not. He was asked whether he requested any documents regarding the topics set forth in the deposition notice prior to the deposition. He again responded that he had not. Finally, he testified that he did not conduct any independent investigation on any of the topics to enable him to testify at the deposition. Doc 125 page 5. The remainder of the deposition transcript, as attached to both Plaintiffs' and Defendant's motions and responses, is replete with testimony of the corporate designee stating that he could not respond to questions on topics clearly set forth in the deposition notice without being shown by counsel for Plaintiffs the actual documents regarding the topic. Doc. 125 – 6 pages 14-16. He further admitted that there did exist a special project database, however he did not review that database prior to appearing for the deposition. Doc. 125 – 6 page 14.

In the case of *Ideal Aerosmith, Inc. v. Acutronic USA, INC.*, 2008 WL 4693374 (W.D. Pa.) The Chief Judge of this Court addressed the issue of the requirements of Federal Rule of Civil Procedure 30(b)(6). The court stated, citing *Guy Chem Co. v. Romanco, N.V.*, 2007 WL 18 4782, at * 10 (WD Pa. Jan. 22, 2007) that "The designated opponent has a duty of being knowledgeable on the subject matter identified in the area of inquiry. A corporation must prepare its selected deponent to adequately testify not only on matters known by the deponent, but also on subjects that the entity should reasonably know." In addition, "The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." The court went on to state that "When a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), producing an unprepared witness is tantamount to a failure to appear that his sanctionable under rule 37(d)." Id. at *2.

A review of the deposition transcript of Mr. Battaglia clearly indicates that he was not

prepared to testify on the matters set forth in the deposition notice, he made no effort to be prepared or to be knowledgeable on the identified areas of inquiry and, in essence, failed to adequately appear for the deposition. In its brief in opposition, Defendant argues that all of the damages documentation has been provided. That does not resolve the issue. Shipping over 100,000 documents to a party and expecting that party to sift through those documents and compile the necessary information, is not an acceptable means of discovery. The Defendant asked that the 30(b)(6) deposition notice be narrowed. The Court granted that request and still, Defendant produced a corporate designee that was unprepared to respond to the areas of inquiry of which he was notified in advance.

Defendant additionally argues that Plaintiffs' motion should be dismissed because they failed to meet and confer pursuant to the requirement of local rule 37.1. This argument is disingenuous at best. Plaintiffs devoted two entire pages of its motion to its attempts to resolve this dispute, commencing on November the 11th 2008. In fact, discovery in this matter concluded on November 26, 2008. Months went by without responses from the Defendant's counsel regarding requests from Plaintiffs' counsel for the promised damages information. It appears to the Court that the Plaintiffs' attorneys made every effort possible to resolve this dispute prior to bringing it before the Court. Defendant's requests that the motion be stricken on this basis is denied.

In addition, Plaintiffs request that certain sanctions be entered based upon Defendant's bad faith in dealing with this issue. Obtaining this damages discovery has been an issue in this case for an extensive period of time. It is now 6 months past the discovery deadline and the requested information still has not been adequately provided. The initial email to Iron Mountain objecting to the inadequate 30(b)(6) deponent was sent on November 11, 2008. In response

Defendant promised to provide an affidavit with the requested information. Despite repeated requests, that affidavit, which in fact did not provide adequate information, was not provided until March 19, 2009, four months after the request! That alone is sufficient to warrant sanctions. In addition, because Defendant failed to produce a witness in accordance with the requirements of Rule 30(b)(6), Iron Mountain is now subject to sanctions pursuant to Rule 37(d). A determination of sanctions is within the discretion of the trial court. Numerous options for sanctions are set forth in Rule 37, including the payment of reasonable expenses and attorneys fees. The Court believes that, at this point, the sanction of awarding costs and fees is appropriate. Therefore,

**IT IS ORDERED** this 1st day of June, 2009 that Plaintiffs' Motion to Compel is **GRANTED** and Iron Mountain is hereby **ORDERED** to produce a prepared FRCP 30(b)(6) witness to provide the Plaintiffs with the following testimony:

A. The volume of imaging provided by Iron Mountain and/or outsourced to third parties at Boyers from 2002 to the present;

B. The digitization work referred and/or outsourced by Iron Mountain to RecordFusion L.P. and/or other third parties from 2002 to the present;

C. Iron Mountain's revenues for all imaging for the Boyers facility for 2002 until the present;

D. For all of the revenues provided above, a breakdown of the revenues derived from Iron Mountain performing the work itself and the revenues derived from outsourcing the work to a third-party vendor;

E. Iron Mountain's net profit and profit margins for the revenues disclosed; and

F. Iron mountain's budgeting for imaging from 2002 until the present.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Sanctions is **GRANTED**, and Defendant shall reimburse Plaintiffs for its fees and costs incurred in presenting this motion.

By the Court:

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: All counsel of record